## Case No. 8,681.

### McCARTHY v. EGGERS et al.

[10 Ben. 688.] [1]

District Court, E. D. New York. Dec., 1879.

SHIPPING—CHARTER—REPAIRS BY OWNER PRO HAC VICE—ADMIRALTY—PLEADING—PRACTICE—AMENDMENT OF ANSWER.

1. Where a vessel was repaired in the port of New York, upon the order of D. & R., to whom she was consigned, proceeded on a voyage, and was sold abroad on a claim for bottomry, and thereafter the ship-carpenter, who did the repairs in New York, brought suit against the owners, who resided in New York and Brooklyn, and they answered separately—E. setting up that the consignees, D. & R., were owners pro hac vice under an agreement to manage and control the vessel, receive all earnings and pay for all repairs and supplies, for a specified money consideration; and J. setting up the same agreement and also that libellant had knowledge of it: *Held*, that it was not open to the defendants to dispute the authority of D. & R. to order the repairs; and having admitted their ownership and accepted the repairs in the increased value of their vessel, they are prima facie liable to pay therefor.

2. D. & R. were not proved to be owners pro hac vice, and this defence set up in the answers was not established.

3. While it appeared from the proofs that defendants were actually mortgagees out of possession. no such defence was set up in their answers and no question of their liability as such could therefore be considered.

4. At the trial, the defendant J. asked leave to amend answer and set up that he was mortgagee out of possession: *Held*, that having pleaded ownership and set up an agreement only consistent with ownership. and having stood by at the trial and applied to amend only after the effort to prove charter by the other owner had failed, he cannot now be allowed to amend.

[This was a libel in personam by D. McCarthy against Emilia Eggers and John Janssen, owners of the D. H. Bills, for repairs.]

E. S. Hubbe, for libellant.

H. D. Hotchkiss and A. W. Hall, for defendants.

BENEDICT, District Judge. This is an action in personam to recover of the defendants the value of certain repairs done by the libellant to the bark D. H. Bills, in the port of New York.

The libel avers that "at all times when these said repairs were made and the said labor and materials were furnished by the libellant, the said respondents were the owners of said bark." The defendants answer separately.

The defendant Eggers in her answer does not deny the averment of the libel in regard to her ownership of the bark, but sets up by way of defence that prior to the doing of these repairs she had entered into an agreement with the firm of Dill & Radmann, whereby said Dill & Radmann were to take

[1] [Reported by Robert D. Benedict, Esq.. and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

possession and assume entire control and management of said bark, receive all her earnings, select her master, her voyages and her cargoes, man and equip her and pay all the expense attending the same, and also furnish and pay for all supplies or repairs required by said bark during the period of said agreement; that in consideration of the matters aforesaid, Dill & Radmann were to pay respondent certain sums of money; that thereafter said Dill & Radmann entered into and took possession of said bark under the agreement aforesaid, and were in such possession at and after the time in the libel set forth.

The defendant Janssen in his separate answer "admits that at the time mentioned in the libel he was the owner of one-sixteenth of the bark," and for a separate and distinct defence sets up the same agreement set up by the defendant Eggers, but in addition avers knowledge of such agreement on the part of the libellant.

The defence thus set up by these defendants is that the vessel, at the time of these repairs, was under charter to the firm of Dill & Radmann by virtue of an agreement between that firm and the general owners of the vessel, whereby Dill & Radmann became owners pro hac vice, and therefore alone responsible for the repairs sued for.

The evidence establishes the following facts: The repairs sued for were necessary. They were ordered by Radmann of the firm of Dill & Radmann. They were furnished by the libellant upon the credit of the vessel and her owners, without knowledge on his part by whom the vessel was owned. The vessel was an American vessel and the defendants resided at the time in New York and Brooklyn respectively. They were the registered owners and their respective oaths of ownership were on file in the New York custom house, where the vessel was registered. Just previous to these repairs the vessel had come from a foreign port consigned to Dill & Radmann, and they did her business. After these repairs the vessel proceeded to a foreign port and was there sold under a bottomry bond at a judicial sale. The defendants had no personal knowledge in respect to these repairs; were never consulted as to their necessity, and gave no direct authority to Dill & Radmann to cause them to be done.

These facts make out a prima facie case of liability on the part of the defendants. Having in their pleadings admitted themselves to be the general owners of the vessel, the vessel having been consigned to Dill & Radmann and they permitted to do her business, it is not open to the defendants to dispute the authority of Dill & Radmann to order necessary repairs, and, besides, the defendants having accepted the repairs in the increased value of their vessel, must be presumed to have requested the repairs to be done.

The libellant is therefore entitled to a decree unless the defendants have proved the defence set up, viz: that although they were the general owners of the vessel, Dill & Radmann were owners pro hac vice, by virtue of a charter of the vessel to them by the general owners. This defence the defendants have failed to establish.

An effort was made to prove the charter set forth in the answer by the testimony of the husband of the defendant Eggers, and his testimony on the direct tended to show the existence of such an agreement; but from the cross-examination of this witness as well as from the testimony of Radmann, it is plain that no such agreement was ever made, and that no such relation as is stated in the answer ever existed between Dill & Radmann and the defendants.

What the relation of the defendants to the vessel really was appears by the testimony of the witness Eggers, on his cross-examination, and the testimony of Radmann, taken subject to the libellant's objection. The defendants were mortgagees out of possession. Dill & Radmann were the owners in possession. Dill & Radmann did not hire and were not to pay for the hire of the vessel, as the answer avers, but were to pay interest on money they had borrowed, and to secure which the title of the vessel had been taken by the defendants.

Whether under such a state of facts the defendants would be liable for these repairs, cannot be considered here because no such defence is set up in the answer.

Upon the pleadings, no question as to the liability of a mortgagee out of possession is before the court, but only the question whether these defendants, one of whom expressly, and the other by implication, admits being the owner of this vessel, had chartered her to Dill & Radmann under an agreement which rendered Dill & Radmann owners pro hac vice, and relieved the general owners from responsibility for repairs. That question must be decided in the negative upon the evidence.

At the trial the defendant Janssen asked leave to amend his answer so as to set up the defence that he was mortgagee out of possession at the time of these repairs. That application was reserved and is now to be disposed of. No application to amend was made in behalf of the defendant Eggers.

In regard to this application of the defendant Janssen, I am of the opinion that it cannot with propriety be granted.

In the first place, this defendant, having full knowledge that he held the title to one-sixteenth of this vessel, simply by way of security for $750 previously loaned to Dill & Radmann, has in his answer expressly averred that he was an owner of the vessel, and set up an agreement consistent with that statement and inconsistent with the statement he now desires to insert. There being no room for surprise or mistake, he should

now be held to the position he saw fit deliberately to assume in his answer.

In the second place, he stood by at the trial while the effort was made to prove by the husband of the defendant Eggers the charter set up in his answer, and it was only after that effort had failed that he made application to conform his answer to the fact.

These are circumstances that forbid the granting of the favor sought at so late a stage of the case.

Let a decree be entered in favor of the libellant for the amount claimed in the libel, with interest and costs.

[On appeal to the circuit court the libel was dismissed, with costs to the respondent in both courts. 1 Fed. 478.]